the suit from being considered a nullity under any view of the case." It concludes that justice would have been promoted by permitting the amendment. We have to take the facts as we find them and apply the law accordingly. The record shows that suit was filed for John Vukovich's injuries on April 25, 1946; that at that time John Vukovich was dead. Nothing was done in regard to this suit until April 24, 1947. The appellant had a whole year in which to file the suit by the administrator for the death of the deceased. It is through the negligence of the appellant that she waited too long to start the suit.

The trial court properly held that the original complaint was a nullity and could not be amended so as to sustain the suit, and the judgment of the trial court will be affirmed.

*Judgment Affirmed.*

People of State of Illinois ex rel. Lloyd R. Dickerson, Plaintiff-Appellee, v. Earl Smith et al., Commissioners of City of Decatur et al., Defendants. City of Decatur et al., Appellants.

Gen. No. 9,829.

Byron M. Merris, Corporation Counsel, for appellants; LeForgee, Samuels & Miller, for appellee; Carl R. Miller, and Jerald E. Jackson, of counsel. Opinion by Justice Wheat. Not to be published in full. Opinion filed June 10, 1952; rehearing denied August 5, 1952; released for publication August 5, 1952.

## John Corso, Appellee, v. Fred Knapp, Arthur Doyle and Rudolph Diognardi, Individually, and Trading as West End Bowling Alley, Appellants.

**Gen. No. 45,603.**

Wyatt Jacobs, for appellants; Charles E. Heckler, of counsel; William H. Arpaia, for appellee; William H. Arpaia, and Norman S. Rothbart, of counsel. Opinion by Justice Schwartz. Not to be published in full. Opinion filed July 1, 1952; released for publication August 5, 1952.

## Ruby Bushaw, Plaintiff-Appellee, v. Central Illinois Electric and Gas Company, Defendant-Appellant.

**Gen. No. 10,599.**